IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 13-0307-WS-B |
| | ) | |
| NABORHOOD BUILDING PRODUCTS, | ) | |
| LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on plaintiff PNC Bank, N.A.'s Motion for Default

Judgment (doc. 22) against the sole remaining defendant, Naborhood Building Products, LLC.[1]

On June 7, 2013, PNC Bank initiated this action by filing a Complaint (doc. 1) alleging

claims against defendants Gary A. Miller, Paul L. Nabors, and Naborhood Building Products,

LLC. Plaintiff's claims arise from an allegedly unpaid, defaulted promissory note executed by

Naborhood in PNC Bank's favor as to which Miller and Nabors had signed guaranty agreements.

All three defendants were alleged to be indebted to plaintiff in the same amount for the same

underlying debt. The Complaint asserted claims against Naborhood for breach of the note, and

against Miller and Nabors for breach of their respective guaranty agreements.

Proof of service in the court file reflects that defendant Naborhood was served with

process via its registered agent (namely, defendant Miller) on July 20, 2013. (*See* doc. 14.)

Naborhood failed to answer or otherwise respond to the Complaint within the 21-day period

specified in Rule 12, Fed.R.Civ.P. One business day after expiration of that period, plaintiff

requested entry of default against Naborhood. (*See* doc. 19.) On August 14, 2013, a Clerk's

---

[1]     On October 9, 2013, the undersigned entered an Order (doc. 30) granting
plaintiff's Motion to Dismiss all claims brought against defendants Gary A. Miller and Paul L.
Nabors pursuant to a *pro tanto* settlement. Inasmuch as those individual defendants are no
longer part of this case, the Motion for Default Judgment does not apply to defendants Miller and
Nabors, but is instead limited to defendant Naborhood.

Entry of Default was issued, specifying that, "Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, DEFAULT is hereby entered by the Clerk against the Defendant, **Naborhood Building Products, LLC** for failure to plead or otherwise defend." (Doc. 20, at 1.)  Default having been entered, plaintiff promptly moved for entry of default judgment against Naborhood. (*See* doc. 22.)

The plot thickened on September 23, 2013, when defense counsel appeared and purported to file a barebones one-page Answer (doc. 26) on behalf of both Naborhood and Paul Nabors. The Answer was effective as to Nabors; however, it overlooked the Clerk's Entry of Default under which Naborhood was then laboring.  Of course, Naborhood's Answer did not automatically undo or erase the default; rather, it was incumbent on Naborhood to make an appropriate showing of good cause to set aside the default, pursuant to Rule 55(c), Fed.R.Civ.P. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (explaining considerations and circumstances under which entry of default may be set aside).  On that basis, the undersigned entered an Order on September 23, 2013, explaining that "the Answer that Naborhood Building Products has purported to file will in no way protect or insulate it from entry of default judgment based on the admissions made by virtue of its default." (Doc. 28, at 2.)  The September 23 Order fixed a deadline of October 1, 2013 for Naborhood to file an appropriate, supported motion for relief from the Clerk's Entry of Default, failing which "the Court will proceed promptly to rule on the pending, ripe Motion for Default Judgment." (*Id*.)  Notwithstanding this unambiguous guidance, Naborhood never acknowledged the September 23 Order, much less responded in the manner and timeframe directed by this Court.

As things now stand, then, Naborhood has not objected to the Motion for Default Judgment (doc. 22) filed against it back on August 20, 2013.  Nor has it responded to or evinced any intent to comply with this Court's Order dated September 23, 2013, despite being cautioned as to the adverse consequences attendant to such a course of action.  Under the circumstances, the Court finds that entry of default judgment against Naborhood is appropriate pursuant to Rule 55(b), Fed.R.Civ.P.  After all, Naborhood filed a cursory Answer after entry of default, but has taken no action to set aside the default and has not responded to an express Order underscoring the need for it to do so promptly.  Naborhood ignored the Motion for Default Judgment served by plaintiff.  Given this clear record of delay, willful disobedience, and bad faith, the Court

readily concludes that default judgment is the only appropriate remedy and that lesser sanctions would be ineffectual.  *See, e.g., In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1305-06 (11th Cir. 2006) ("Dismissal of a party's complaint or answer, or striking its defenses, as a sanction for failure to comply with a court's orders is a heavy punishment.  The severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders.") (citations and internal quotation marks omitted); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973) ("There is evidence, moreover, that defendant refused to obey the Court's orders, and such action constitutes sufficient grounds for a default judgment."); *Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC*, 498 F. Supp.2d 237, 240 (D.D.C. 2007) ("A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics," such as where "the adversary process has been halted because of an essentially unresponsive party.") (citations omitted).

In short, it is the finding of this Court that Naborhood's bad faith and contumacious conduct, as described above, warrant entry of default judgment against it and that lesser sanctions would not suffice.  Accordingly, plaintiff's Motion for Default Judgment is **granted**, pursuant to Rule 55(b)(2), Fed.R.Civ.P., and the inherent powers of the Court.  It is therefore **ordered, adjudged and decreed** that a default judgment shall be entered against Naborhood at such time as damages have been established.

Notwithstanding Naborhood's default, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1294 (S.D. Ala. 2010) ("Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking default judgment must *show* the Court what those damages are, how they are calculated, and where they come from, by reference to the … agreement, appropriate back-up documentation, and witness testimony as appropriate."); *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007) ("While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the

amount and character of damages.").  Review of the evidentiary submission accompanying PNC Bank's Motion for Default Judgment necessitates that plaintiff supplement its evidentiary submission in four important respects.

First, although plaintiff submits an affidavit reciting in summary form the balance owed on the subject promissory note, including specified amounts for unpaid principal, accrued interest, and late charges, plaintiff provides no backup documentation (*i.e.*, payment ledgers, etc.) or explanations showing how these figures were calculated, which fees were imposed and why, and so on. Without documentation establishing the paid and unpaid principal amounts, and showing why the claimed late charges and interest balances accrued and how they were computed, the Court cannot satisfy its "obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch*, 317 F.3d at 1266.

Second, plaintiff states in its Motion that the subject promissory note allows it to recover attorney's fees and other costs of collection.  Attorney's fees are recoverable, even where authorized by contract, only to the extent that they are reasonable.  *See Willow Lake Residential Ass'n, Inc. v. Juliano*, 80 So.3d 226, 241 (Ala.Civ.App. 2010) ("Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation.").  However, plaintiff's evidence of those fees is inadequate to support a reasonableness determination because it is presented in summary form, with no underlying records.  Absent review of documentation showing what work was done, how many hours were billed for particular projects and at what billing rates, the undersigned cannot make an independent determination of reasonableness, but must rely on the say-so of others.  That is simply not sufficient.  *See Vision Bank v. Hill*, 2011 WL 250430, *4 n.6 (S.D. Ala. Jan. 25, 2011) (disallowing plaintiff's request for award of attorney's fees and expenses on default judgment, where "without itemization or explanation of what these attorney's fees and costs represent or how they were incurred, the Court cannot satisfy its obligation to ascertain the reasonableness of the charges").[2]

---

[2]        To be clear, nothing in PNC's fee request gives rise to any specific, articulable concerns of unreasonableness.  Indeed, certain aspects of that request appear manifestly reasonable, such as Attorney Ortega's $175 hourly rate (given his 11 years of experience in civil litigation).  Although the information provided does not give the Court pause, without review of the underlying invoices the undersigned cannot make the required affirmative reasonableness determination.

Third, without knowing the amounts that PNC Bank has recovered or agreed to accept from the individual defendants pursuant to their settlement, the Court cannot discern whether any amounts that PNC Bank claims as to Naborhood are encompassed by payments already made or promised by the individual defendants pursuant to the *pro tanto* settlement announced on October 8, 2013.  This Court's duty to assure the legitimacy of any damages award includes an obligation to verify that any damages awarded against Naborhood are neither duplicative nor redundant of plaintiff's settlement with the other defendants.[3]

Fourth, PNC Bank's evidentiary showing of damages is only complete through August 15, 2013, which is understandable given the August 20, 2013 date of that filing.  PNC is under no obligation to update its damages tally through the present time; however, fairness dictates that it be given a reasonable opportunity to do so.

In light of the foregoing, plaintiff is **ordered**, on or before **October 30, 2013**, to supplement its Motion for Default Judgment with an evidentiary submission on damages that, at a minimum, includes (i) appropriate backup documentation establishing how the amounts due and owing under the promissory notes (including outstanding principal, interest, fees, and other charges) were calculated and the contractual underpinnings of same; (ii) itemized billing statements in support of its request for award of attorney's fees and expenses; (iii) sufficient details about plaintiff's settlement with Miller and Nabors to prevent double recovery in the default judgment against Naborhood; and (iv) if plaintiff desires, an updated calculation of claimed damages through the present, as opposed to the August 15 cutoff date of its previous evidentiary submission.

Because Naborhood has appeared herein, it is entitled to be heard on damages, notwithstanding the entry of default and the granting of plaintiff's Motion for Default

---

[3]     *See, e.g., E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002) (noting that "it goes without saying that the courts can and should preclude double recovery by an individual") (citations and internal quotation marks omitted); *Ex parte Barnett*, 978 So.2d 729, 732 (Ala. 2007) ("Alabama law generally bars double recoveries, and, although a party is entitled to full compensation for his injuries, … he can gain but one satisfaction.") (citations and internal quotation marks omitted); *Ex parte Goldsen*, 783 So.2d 53, 56 (Ala. 2000) ("It is a universal rule that a plaintiff, although entitled to full compensation for an injury, is entitled to only one recovery for a single injury caused by two or more tortfeasors.") (citation omitted).

Judgment.[4]  Naborhood's counsel of record will receive notice of plaintiff's supplemental evidentiary submission via this District Court's electronic filing system.  Any response to plaintiff's damages request and supporting evidence that Naborhood may wish to submit must be filed by no later than **November 8, 2013**, at which time the damages issue will be taken under submission.

> DONE and ORDERED this 10th day of October, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]      *See, e.g., Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37 (1st Cir. 2012) ("In the ordinary course, a defaulted defendant is precluded from further contesting the factual averments in the complaint giving rise to liability, but such a defendant may nonetheless contest the relief sought."); Rule 55(b)(2), Fed.R.Civ.P. ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.").